SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State v. K.P.S.** (A-82-13) (073307)

**Argued January 21, 2015 -- Decided April 22, 2015**

**ALBIN, J., writing for a unanimous Court.**


The issue in this appeal is whether the law-of-the-case doctrine precluded defendant's appellate panel from considering anew the issues that had been decided earlier by his co-defendant's panel.

Defendant K.P.S. was charged in a Bergen County indictment with numerous counts of aggravated sexual assault, sexual assault, child abuse, endangering the welfare of a child, and conspiracy to commit these crimes. Defendants Peter Lisa and Carmini Laloo were named as co-defendants in the indictment and charged with many of the same offenses as well as a number of additional ones. The charges against the three co-defendants arose from evidence discovered by the police during a series of searches of Lisa's residence -- a home owned by Lisa's mother. The three co-defendants jointly filed a motion to suppress, claiming that the evidence seized during those searches was in violation of their rights under the United States and New Jersey Constitutions. The trial judge held a motion-to-suppress hearing at which the following evidence was developed. On December 17, 2007, officers of the Paramus Police Department conducted a search for weapons at Lisa's home -- a search authorized by a domestic violence temporary restraining order that provided for the seizure of weapons. During the search, the police seized guns, some of which they later learned were stolen, and observed in the garage a motorcycle trailer that fit the description of a trailer reported as stolen. Additionally, while conducting the search, the police saw Lisa in his bedroom quickly and suspiciously turning off his computer.

According to Lisa's mother, she did not give her consent to the police to conduct a further search of the garage later that evening -- despite the presence of her signature on a consent-to-search form dated December 17, 2007, at 9:50 p.m. Rather, she testified that she signed the consent-to-search form the next morning at 9:50 a.m. On December 18, 2007 and January 8, 2008, the police executed two search warrants on Lisa's home, seizing the motorcycle trailer and other purportedly stolen items as well as Lisa's computer, a camcorder, videotapes, and digital photo flash cards. The evidence revealed that Lisa, Laloo, and defendant engaged in illicit sexual activities with defendant's minor son.

In a written decision, the trial court denied the motion to suppress. In accordance with a plea agreement, defendant pled guilty and was sentenced to a fifteen-year term of imprisonment subject to the No Early Release Act, to be followed by a five-year period of parole supervision and community supervision for life. The court also ordered that defendant comply with the registration requirements of Megan's Law. Lisa and Laloo also entered guilty pleas to first-degree aggravated sexual assault, pursuant to plea agreements with the State, and were sentenced to state prison terms.

Defendant, Lisa, and Laloo appealed their sentences and the denial of their suppression motions. See R. 3:5-7(d). Lisa's appeal and defendant and Laloo's appeals were heard by two different panels of the Appellate Division. On April 15, 2011, the panel that heard Lisa's appeal issued an unpublished opinion affirming both the denial of the suppression motion and Lisa's sentence. In an unpublished opinion, a different Appellate Division panel decided the appeals of defendant and Laloo, affirming the denial of the suppression motion and their sentences. Defendant and Laloo raised essentially the same search-and-seizure issues advanced by Lisa in his appeal. This panel resolved the issues concerning the validity of the search based on "law of the case." It reasoned that there was no need to discuss the matters already decided in Lisa's appeal because it was reviewing "the same trial court decision issued after the same evidentiary hearing, and the controlling law has not changed."

1

The Supreme Court granted defendant's petition for certification on one issue: whether the law-of-the-case doctrine precluded defendant's appellate panel from considering anew the issues that had been decided earlier by his co-defendant's panel. 217 N.J. 301 (2014).

**HELD**: The decision rendered by the appellate panel in co-defendant's appeal was not the law of the case in defendant's later-heard appeal. Defendant had a due process right under the New Jersey Constitution to have a meaningful opportunity to be heard on his appeal.

1. The question is whether defendant's and co-defendant Lisa's separate appeals before different panels of the Appellate Division are the "same case" for purposes of the law-of-the-case doctrine. If not, the doctrine does not apply. The answer to that question is informed by looking to the doctrinal source of law of the case -- the rule of collateral estoppel. Both collateral estoppel and law of the case are guided by the "fundamental legal principle . . . that once an issue has been fully and fairly litigated, it ordinarily is not subject to relitigation between the same parties either in the same or in subsequent litigation." Morris Cnty. Fair Hous. Council v. Boonton Twp., 209 N.J. Super. 393, 444 n.16 (Law Div. 1985) (emphasis added). A fundamental tenet of collateral estoppel is that the doctrine cannot be used against a party unless that party either participated in or was "in privity with a party to the earlier proceeding." In re Estate of Dawson, 136 N.J. 1, 20 (1994). The concept of privity applies "only when the party is a virtual representative of the non-party, or when the non-party actually controls the litigation." Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 338 (1996) (internal quotation marks omitted). Like collateral estoppel, law of the case does not bar one party from having his day in court merely because another party has received an adverse ruling, even if the issue is the same and arises from a common record. Defendant and co-defendant Lisa were not in privity with each other. Lisa did not stand as the "virtual representative" of defendant and did not control the arguments that defendant was permitted to advance on his own behalf. A defendant should not be bound by the decision of an appellate panel when his voice has not been heard. A defendant must be given the chance to prove that he is right. (pp. 10-15)

2. To apply law of the case in the circumstances of this case would directly conflict with defendant's due process rights. The automatic right of appeal guaranteed by the New Jersey Constitution must comply with basic notions of due process, which include providing a criminal defendant with a "meaningful opportunity to be heard." State v. Bianco, 103 N.J. 383, 391 (1986). Under Rule 3:5-7(d), defendant had a right to appeal the denial of his suppression motion following the entry of his guilty plea. The appellate panel erroneously determined that it could not review the suppression issues raised by defendant. Defendant therefore was denied his day in court. He must be given a meaningful opportunity to be heard in a new appeal. (pp. 15-17)

3. The Court acknowledges that several federal circuit courts of appeal, under the law-of-the-case doctrine, have bound the panel in a defendant's appeal to the result reached in a co-defendant's earlier appeal. What is noteworthy about those cases is the absence of any real analysis justifying the application of law of the case. None compares law of the case to its doctrinal source, collateral estoppel, or considers the due process right of a defendant to have a meaningful opportunity to be heard in his individual appeal. Article I, Paragraph 1 of the New Jersey Constitution provides due process protections that may exceed those guaranteed by the Federal Constitution. Doe v. Poritz, 142 N.J. 1, 104 (1995). Moreover, court rules anticipate the need for the New Jersey Supreme Court to resolve splits between appellate panels. That said, the better practice is that when co-defendants are tried together, their appeals should be heard together to avoid the potential for divergent outcomes by different appellate panels considering the same legal issue. (pp. 17-19)

The judgment of the Appellate Division is **REVERSED** and the matter is **REMANDED** to the Appellate Division for a new appellate review at which defendant's arguments will be considered on the merits.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, PATTERSON, FERNANDEZ-VINA, and SOLOMON; and JUDGE CUFF (temporarily assigned) join in JUSTICE ALBIN's opinion.**

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

      v.

K.P.S.,

    Defendant-Appellant.

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

      v.

CARMINI LALOO,

    Defendant.

Argued January 21, 2015 – Decided April 22, 2015

On certification to the Superior Court, Appellate Division.

John W. Douard, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney).

Brian J. Uzdavinis, Deputy Attorney General, argued the cause for respondent (John J. Hoffman, Acting Attorney General of New Jersey, attorney).

JUSTICE ALBIN delivered the opinion of the Court.

Defendant K.P.S. and co-defendants, Peter Lisa and Carmini Laloo, jointly moved to suppress evidence that they claimed was

seized during the unconstitutional search of a residence.[1]  After a joint suppression hearing, the trial court denied their motions.  Different Appellate Division panels heard the appeal filed by Lisa and the appeals filed by defendant and Laloo.  One panel affirmed Lisa's conviction and the trial court's suppression ruling.  Afterwards, a second panel affirmed defendant's and Laloo's convictions but declined to consider their challenge to the validity of the search based on the "law of the case" doctrine.  The second panel determined that the "law of the case" precluded defendant and Laloo from receiving an independent, "second review of the suppression issues."

We now reverse.[2]  The "law of the case" doctrine was not intended to deny a defendant the opportunity to be heard on his separate appeal, even if the co-defendant unsuccessfully raised the same issue on the same record.  The "law of the case" for the co-defendant could not be binding in defendant's case because the co-defendant was not a proxy for defendant.  The appeals of the co-defendant and defendant were independent of each other.  Defendant had the right on his direct appeal -- an

---

[1] We have given initials to defendant K.P.S. because he was convicted of an aggravated sexual assault on his son, whose identity might be disclosed if his father's full name were revealed.  The victim's identity in this case is protected by N.J.S.A. 2A:82-46; R. 1:38-3(a), (b)(9).

[2] We pass only on the matter before us, which is defendant's appeal before this Court.

appeal guaranteed by the New Jersey Constitution, N.J. Const. art. VI, § 5, ¶ 2 -- to raise different arguments, to emphasize different parts of the record, and to bring to the second panel's attention case law that might not have been considered by the first panel. The second panel was not bound to follow the first panel if it had erred. Above all else, defendant had a due process right to be heard.

We remand to the Appellate Division to review anew defendant's appeal on the suppression issue and independently assess his arguments. Although the panel hearing this matter may consider the legal reasoning of the first panel, it is not bound to reach the same result unless it finds that the first panel's reasoning is persuasive.

I.

A.

Defendant was charged in a Bergen County indictment with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); three counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b);[3] fourth-degree child abuse, N.J.S.A. 9:6-3; five counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), N.J.S.A. 2C:24-4(b)(3), and N.J.S.A. 2C:24-4(b)(4); and first-degree conspiracy to commit aggravated sexual assault,

---

[3] Count three of the indictment was improperly captioned as a third-degree offense.

sexual assault, and/or endangering the welfare of a child, N.J.S.A. 2C:5-2.  Lisa and Laloo were named as co-defendants in the indictment and charged with many of the same offenses as well as a number of additional ones.

The charges against the three co-defendants arose from evidence discovered by the police during a series of searches of Lisa's residence -- a home owned by Lisa's mother.  The three co-defendants jointly filed a motion to suppress, claiming that the evidence seized during those searches was in violation of their rights under the United States and New Jersey Constitutions.[4]  The trial judge held a motion-to-suppress hearing.  The State presented no testimony at the hearing and instead relied on the search warrants and supporting affidavits to justify the lawfulness of the searches.  Defendants presented the testimony of Lisa's mother, who disputed the State's version of whether and when she gave consent to search her home.[5]

The following evidence was developed at the suppression hearing.  On December 17, 2007, officers of the Paramus Police Department conducted a search for weapons at Lisa's home -- a search authorized by a domestic violence temporary restraining

---

[4] The State did not object to defendant's and Laloo's standing to challenge the searches at the motion to suppress hearing.

[5] Defendants also called Lisa's sister to testify but her testimony was peripheral to any issue in dispute.

4

order that provided for the seizure of weapons. During the search, the police seized guns, some of which they later learned were stolen. The police also observed in the garage a motorcycle trailer that fit the description of a trailer reported as stolen. Other evidence uncovered supported a theory that Lisa was involved in burglaries. Additionally, while conducting the search, the police saw Lisa in his bedroom quickly and suspiciously turning off his computer.

According to Lisa's mother, she did not give her consent to the police to conduct a further search of the garage to view the trailer later that evening -- despite the presence of her signature on a consent-to-search form dated December 17, 2007, at 9:50 p.m. Rather, she testified that she signed the consent-to-search form the next morning at 9:50 a.m.

On December 18, 2007 and January 8, 2008, the police executed two search warrants on Lisa's home, seizing the motorcycle trailer and other purportedly stolen items as well as Lisa's computer, a camcorder, videotapes, and digital photo flash cards. The evidence revealed that Lisa, Laloo, and defendant engaged in illicit sexual activities with defendant's minor son.

In a written decision, the trial court denied the motion to suppress, finding that probable cause supported the issuance of

5

the warrants and that the items seized from Lisa's home were described with sufficient particularity in the warrant.

B.

In accordance with a plea agreement with the State, defendant pled guilty to one count of first-degree aggravated sexual assault. The court sentenced defendant to a fifteen-year term of imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2(a), to be followed by a five-year period of parole supervision, N.J.S.A. 2C:43-7.2(c). The court also imposed community supervision for life and ordered that defendant comply with the registration requirements of Megan's Law, N.J.S.A. 2C:7-2. Last, defendant was assessed the requisite fees and penalties.

Lisa and Laloo also entered guilty pleas to first-degree aggravated sexual assault, pursuant to plea agreements with the State, and were sentenced to state prison terms.

II.

A.

Defendant, Lisa, and Laloo appealed their sentences and the denial of their suppression motions. See R. 3:5-7(d) (stating that denial of motion to suppress evidence from allegedly unlawful search "may be reviewed on appeal from a judgment of conviction notwithstanding that such judgment is entered following a plea of guilty"). Lisa's appeal and defendant and

6

Laloo's appeals were heard by two different panels of the Appellate Division.

On April 15, 2011, the panel that heard Lisa's appeal issued an unpublished opinion affirming both the denial of the suppression motion and Lisa's sentence. It rejected Lisa's argument that the purported failure to obtain his mother's consent to search on the evening of December 17, 2007, vitiated the police searches of the home with lawfully issued warrants afterwards. The panel acknowledged that the trial court did not make any finding whether Lisa's mother had given her consent for the police to enter the garage a second time after the initial weapons search. Nevertheless, it concluded that the minor information learned from the second garage entry comprised "but a small part of the probable cause [the police] presented to the issuing judge" for the December 18, 2007 warrant.

The panel noted that because warrants are presumed to be valid, Lisa had the burden of demonstrating the unlawfulness of the search, citing State v. Sullivan, 169 N.J. 204, 211 (2001). It concluded that Lisa did not establish that the December 18 warrant was issued based on false statements of material facts made by the police or that the items seized, particularly the videotapes and flashcards, were outside the scope of the warrant. It also found no support for Lisa's assertion that his

7

counsel represented him ineffectively at the suppression hearing.  Last, the panel affirmed Lisa's sentence.

We denied Lisa's petition for certification.  <u>State v. Lisa</u>, 208 <u>N.J.</u> 371 (2011).

B.

In an unpublished opinion, a different Appellate Division panel decided the appeals of defendant and Laloo, affirming the denial of the suppression motion and their sentences.[6]  Defendant and Laloo raised essentially the same search-and-seizure issues advanced by Lisa in his appeal.  This panel resolved the issues concerning the validity of the search based on "law of the case."  It reasoned that there was no need to discuss the matters already decided in Lisa's appeal because it was reviewing "the same trial court decision issued after the same evidentiary hearing, and the controlling law has not changed."  The panel held that "[t]he law of the case doctrine precludes a second review of the suppression issues raised by [defendant and Laloo]."  It added that its "reliance on [its] prior decision in Lisa's appeal as the law of the case is particularly compelling as these defendants' objections to the search stem from Lisa's right to privacy in Lisa's home."

---

[6] In both Lisa's appeal and defendant and Laloo's appeals, a two-judge panel rendered the decision.  One judge was assigned to both panels.

Last, the panel rejected defendant's and Laloo's challenge to their sentences.

## C.

Defendant petitioned for certification on the issues he raised before the Appellate Division and, additionally, argued that the panel erred in invoking the law-of-the-case doctrine to resolve his appeal. We granted certification on one issue: whether the law-of-the-case doctrine precluded defendant's appellate panel from considering anew the issues that had been decided earlier by his co-defendant's panel. State v. K.P.S., 217 N.J. 301 (2014).

## III.

## A.

Defendant contends that the Appellate Division panel erred in declining to review his arguments based on the opinion rendered by the Lisa panel. According to defendant, the law-of-the-case doctrine, as a "non-binding discretionary rule," did not stand as a bar to consideration of the issues raised in his appeal. Additionally, defendant claims that the Lisa opinion should not have been invoked as authority because, "pursuant to R. 1:36-3, 'no unpublished opinion shall constitute precedent or be binding upon any court.'"

## B.

In contrast, the State argues that the Lisa panel's "ruling now represents the law of the case and should not be disturbed," particularly in this case because defendant had no privacy interest in the Lisa residence that gives him a basis to complain about evidence seized from that location. The State submits that "[t]he law of the case doctrine requires a decision of law made by a particular court to be respected by all coequal courts during the pendency of the case," citing State v. Reldan, 100 N.J. 187, 203 (1985). More specifically, relying on federal case law, the State maintains that law of the case applies "'when the appeal of one co-defendant is decided prior to the appeal of the other co-defendant,'" so long as "the issue raised by both defendants was litigated below in the same proceeding," citing United States v. Schaff, 948 F.2d 501, 506 (9th Cir. 1991).

IV.

A.

Whether the appellate panel in defendant's case correctly applied the law-of-the-case doctrine is a matter of law, and therefore our standard of review is de novo. State v. Vargas, 213 N.J. 301, 327 (2013). We do not defer to an appellate court's interpretation of the law, unless we conclude it is correct. See State v. Gandhi, 201 N.J. 161, 176 (2010).

10

The issue simply is whether the appellate panel that heard defendant's appeal is bound by an earlier decision rendered by the co-defendant's panel, when both appeals arise from the same record and same trial court decision.

B.

The law-of-the-case doctrine "is a non-binding rule intended to 'prevent relitigation of a previously resolved issue'" in the same case. Lombardi v. Masso, 207 N.J. 517, 538 (2011) (quoting In re Estate of Stockdale, 196 N.J. 275, 311 (2008)); see also Arizona v. California, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391, 75 L. Ed. 2d 318, 333 (1983) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); Reldan, supra, 100 N.J. at 208 (O'Hern, J., dissenting) ("[T]he 'law of the case' rule ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case." (internal quotation marks omitted)). Law of the case is a discretionary rule that calls on one court "to balance the value of judicial deference for the rulings of a coordinate [court] against those 'factors that bear on the pursuit of justice and, particularly, the search for truth.'" Lombardi, supra, 207 N.J. at 538-39 (quoting Hart v. City of Jersey City, 308 N.J. Super. 487, 498 (App. Div. 1998)).

Here, the question is whether defendant's and co-defendant Lisa's separate appeals before different panels of the Appellate Division are the "same case" for purposes of the law-of-the-case doctrine. If not, the doctrine does not apply. The answer to that question is informed by looking to the doctrinal source of law of the case -- the rule of collateral estoppel.

"Underlying the [law-of-the-case doctrine] are principles similar to collateral estoppel . . . ." Reldan, supra, 100 N.J. at 209 (O'Hern, J., dissenting). Both collateral estoppel and law of the case are guided by the "fundamental legal principle . . . that once an issue has been fully and fairly litigated, it ordinarily is not subject to relitigation between the same parties either in the same or in subsequent litigation." Morris Cnty. Fair Hous. Council v. Boonton Twp., 209 N.J. Super. 393, 444 n.16 (Law Div. 1985) (emphasis added). However, whereas collateral estoppel may bar a party from relitigating an issue decided against it in a later and different case, see In re Liquidation of Integrity Ins. Co., 214 N.J. 51, 67 (2013), law of the case may bar a party from relitigating the same issue during the pendency of the same case before a court of equal jurisdiction, Reldan, supra, 100 N.J. at 203. One major distinction between the two doctrines is that law of the case, unlike collateral estoppel, is subject to the exercise of sound discretion. Devilla v. Schriver, 245 F.3d 192, 197 (2d Cir.

12

2001) ("[U]nlike the doctrine[] of . . . collateral estoppel, which a court cannot ignore . . . , the law of the case . . . merely expresses the practice of the courts generally to refuse to reopen what has been decided." (internal quotation marks omitted)).

A fundamental tenet of collateral estoppel is that the doctrine cannot be used against a party unless that party either participated in or was "in privity with a party to the earlier proceeding." In re Estate of Dawson, 136 N.J. 1, 20 (1994). "Traditionally, courts have confined application of the [collateral estoppel] doctrine to cases in which the parties were the same in both actions" because such an approach "promoted fairness and simplification." Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 337 (1996). The concept of privity applies "'only when the party is a virtual representative of the non-party, or when the non-party actually controls the litigation.'" Id. at 338 (quoting Collins v. E.I. DuPont de Nemours & Co., 34 F.3d 172, 176 (3d Cir. 1994) (applying New Jersey law)). Simply put, for collateral-estoppel purposes, "the question to be decided is whether a party has had his day in court on an issue." McAndrew v. Mularchuk, 38 N.J. 156, 161 (1962). In short, collateral estoppel will not apply if a party did not have a "full and fair opportunity to litigate the issue." Zirger, supra, 144 N.J. at 338 (internal quotation

13

marks omitted); see also Joshua M. D. Segal, Note, Rebalancing Fairness and Efficiency:  The Offensive Use of Collateral Estoppel in § 1983 Actions, 89 B.U. L. Rev. 1305, 1309 (2009) ("[E]very litigant is entitled to a day in court.  To ensure this basic right to be heard, courts do not apply collateral estoppel when it would be inequitable or contrary to the interests of fairness and justice.").

 Like collateral estoppel, law of the case does not bar one party from having his day in court merely because another party has received an adverse ruling, even if the issue is the same and arises from a common record.  Other than the appellate panel decision in this case, we are not aware of a reported case in New Jersey in which a defendant was denied a full and fair opportunity to litigate an issue because a co-defendant did not succeed in an earlier appeal.

 To be clear, defendant was not a party to Lisa's appeal, and Lisa was not defendant's proxy in that appeal.  Defendant and co-defendant Lisa were not in privity with each other.  Lisa did not stand as the "virtual representative" of defendant and did not control the arguments that defendant was permitted to advance on his own behalf.  See Zirger, supra, 144 N.J. at 338. Each was represented by his own attorney, each submitted a separate brief, and each had the right to advance arguments with supporting authority emphasizing his individual viewpoint.  More

14

significantly, we conclude that co-defendants arguing their appeals with different docket numbers before different appellate panels are not involved in the same case for purposes of the law-of-the-case doctrine. To decide otherwise would not comport with basic notions of fairness that undergird the doctrine.

A defendant should not be disadvantaged by the happenstance timing of his appeal. A defendant should not be bound by the decision of an appellate panel when his voice has not been heard -- a decision that conceivably could be based on an inadequate or inferior presentation by the co-defendant's attorney. A defendant's case should rise or fall on the presentation he makes in court. To be sure, an appellate panel may look to the reasoning of a coordinate panel's opinion in the case of a co-defendant, but it is not compelled to follow that decision.[7] A defendant must be given the chance to prove that he is right.

V.

To apply law of the case in the circumstances of this case would directly conflict with defendant's due process rights. A fair and meaningful opportunity to be heard is at the heart of

---

[7] Rule 1:36-3 states that "[n]o unpublished opinion shall constitute precedent or be binding upon any court." Although the appellate panel's opinion in Lisa was not precedent or binding on the panel in defendant's case, that does not mean that the Lisa opinion could not be considered for its persuasive value if the opinion persuaded by force of its legal and logical reasoning.

due process.  Under the New Jersey Constitution, a defendant has a right of appellate review of a criminal conviction.  N.J. Const. art. VI, § 5, ¶ 2 ("Appeals may be taken to the Appellate Division of the Superior Court from the law and chancery divisions of the Superior Court and in such other causes as may be provided by law."); R. 2:2-3(a) ("[A]ppeals may be taken to the Appellate Division as of right . . . ."); State v. Bianco, 103 N.J. 383, 391 (1986).  In contrast, the United States Constitution does not guarantee a right of appeal following a criminal conviction.  Lindsey v. Normet, 405 U.S. 56, 77, 92 S. Ct. 862, 876, 31 L. Ed. 2d 36, 52 (1972) ("[I]f a full and fair trial on the merits is provided, the Due Process Clause of the Fourteenth Amendment does not require a State to provide appellate review . . . ."); Bianco, supra, 103 N.J. at 391.

The automatic right of appeal guaranteed by our State Constitution must comply with basic notions of due process, which include providing a criminal defendant with a "meaningful opportunity to be heard."  Bianco, supra, 103 N.J. at 391 (internal quotation marks omitted); see also State v. Molina, 187 N.J. 531, 540 (2006).  Thus, we have held that "the State must provide an indigent criminal defendant with the means necessary to prosecute his first appeal as of right, such as a free transcript and effective assistance of counsel."  Bianco, supra, 103 N.J. at 391.

Under Rule 3:5-7(d), defendant had a right to appeal the denial of his suppression motion following the entry of his guilty plea.  See State v. Greeley, 178 N.J. 38, 50-51 (2003).  Despite that right of appellate review and the corresponding due process right to a meaningful opportunity to be heard, the appellate panel in this case denied defendant a "review of the suppression issues" based on the panel's mistaken application of the law-of-the-case doctrine.

The law-of-the-case doctrine must conform to the due process requirements of our State Constitution.  That did not happen here.  The appellate panel erroneously determined that it could not review the suppression issues raised by defendant.  He therefore was denied his day in court.  He must be given a meaningful opportunity to be heard in a new appeal.  We do not in any way suggest what the outcome of that review should be.

VI.

We acknowledge that several federal circuit courts of appeal, under the law-of-the-case doctrine, have bound the panel in a defendant's appeal to the result reached in a co-defendant's earlier appeal.  United States v. LaHue, 261 F.3d 993, 1010-11 (10th Cir. 2001), cert. denied, 534 U.S. 1083, 122 S. Ct. 819, 151 L. Ed. 2d 701 (2002); United States v. Corrado, 227 F.3d 528, 532-33 (6th Cir. 2000); United States v. Aramony, 166 F.3d 655, 661 (4th Cir.), cert. denied, 526 U.S. 1146, 119 S.

17

Ct. 2022, 143 L. Ed. 2d 1034 (1999); Schaff, supra, 948 F.2d at 506. Those cases generally stand for the proposition that "the law of the case doctrine [is] applicable when the appeal of one co-defendant is decided prior to the appeal of the other co-defendant, if both were convicted at the same trial." Schaff, supra, 948 F.2d at 506. What is noteworthy about those cases is the absence of any real analysis justifying the application of law of the case. The application of the doctrine is presumed without explanation in each case. None compares law of the case to its doctrinal source, collateral estoppel, or considers the due process right of a defendant to have a meaningful opportunity to be heard in his individual appeal.

Of course, Article I, Paragraph 1 of our State Constitution provides due process protections that may exceed those guaranteed by the Federal Constitution. Doe v. Poritz, 142 N.J. 1, 104 (1995). Moreover, our court rules anticipate the need for the New Jersey Supreme Court to resolve splits between appellate panels. Rule 2:12-4 provides that one ground for a grant of certification by the Supreme Court is if "the decision under review is in conflict with any other decision of the same or a higher court."

Last, we state the obvious. The better practice is that when co-defendants are tried together, their appeals should be heard together to avoid the potential for divergent outcomes by

18

different appellate panels considering the same legal issue. This approach is consistent with principles of sound case management and the efficient and fair administration of justice, and is routinely followed in our court system.

## VII.

In summary, the decision rendered by the appellate panel in Lisa's appeal was not the law of the case in defendant's later-heard appeal. Defendant had a due process right to have a meaningful opportunity to be heard on his appeal.

For the reasons expressed, we reverse the judgment of the Appellate Division and remand for a new appellate review at which defendant's arguments will be considered on the merits.

CHIEF JUSTICE RABNER, JUSTICES LaVECCHIA, PATTERSON, FERNANDEZ-VINA, and SOLOMON, and JUDGE CUFF (temporarily assigned) join in JUSTICE ALBIN's opinion.

SUPREME COURT OF NEW JERSEY

NO. __A-82___                          SEPTEMBER TERM 2013

ON CERTIFICATION TO        Appellate Division, Superior Court
_____

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

           v.

K.P.S.,

      Defendant-Appellant.

_____

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

           v.

CARMINI LALOO,

      Defendant.

DECIDED           April 22, 2015
_____

          Chief Justice Rabner                    PRESIDING
_____

OPINION BY           Justice Albin
_____

CONCURRING/DISSENTING OPINIONS BY   _____

DISSENTING OPINION BY  _____

| CHECKLIST | REVERSE AND REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |