**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2987-18T2

IN THE MATTER OF MONIQUE
SMITH, IRVINGTON TOWNSHIP,
DEPARTMENT OF PUBLIC
SAFETY.

_____

Argued telephonically September 21, 2020 –
Decided October 2, 2020

Before Judges Rothstadt and Mayer.

On appeal from the New Jersey Civil Service
Commission, Docket No. 2018-1878.

Steven D. Altman argued the cause for appellant
(Benedict & Altman, attorneys; Steven D. Altman and
Joshua Altman, on the briefs.)

David I. Solomon argued the cause for respondent
Irvington Township Department of Public Safety
(Florio Perrucci Steinhardt Cappelli Tipton & Taylor,
LLC, attorneys; Lester E. Taylor and Michael P.
Marotta on the brief).

Gurbir S. Grewal, Attorney General, attorney for
respondent Civil Service Commission (Jonathan S.
Sussman, Deputy Attorney General, on the statement in
lieu of brief).

PER CURIAM

Petitioner Monique Smith appeals from a final agency decision by the Civil Service Commission (Commission) finding support for three of the nine disciplinary charges filed against her by respondent Irvington Township Department of Public Safety (Police Department) resulting in her suspension for ninety working days. In addition, she appeals the denial of her request for attorney's fees. For the reasons that follow, we vacate the Commission's decision and remand the matter to the Commission for referral to the Administrative Law Judge (ALJ) to set forth findings of fact and conclusions of law separate from the fact-findings and conclusions reached by the Law Division judge in Smith's criminal matter.

We provide a brief overview of the facts to give context to our decision. Smith worked for the Police Department and was promoted to the rank of captain in a ceremony held on January 5, 2015. Smith's boyfriend at the time, John Sharpe James, terminated their relationship in an email message sent the day of the promotion ceremony. After the ceremony and celebratory party, Smith went to James's apartment to discuss the breakup and found James outside in his car. Upon seeing Smith, James drove off, and Smith followed in her car. It was

reported that Smith drove aggressively, and Smith admitted to driving over a center island while following James's car.

As a result of this incident in January 2015, Smith was issued with two motor vehicle summonses and six other violations. She was charged with leaving the scene of an accident, N.J.S.A. 39:4-129, and reckless driving, N.J.S.A. 39:4-96. Based on these charges, Smith was suspended by the Police Department.

On June 23, 2015, Smith was criminally charged with second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree criminal mischief, N.J.S.A. 2C:17-3(a)(1), related to the January 2015 incident with James. Prior to trial, the State dismissed the aggravated assault charge and amended the criminal mischief charge to a disorderly persons charge.

The possession charges were presented to a jury, and the jury found Smith not guilty. Thereafter, the parties agreed to allow the criminal trial judge to decide the remaining charges by way of a bench trial. In a twenty-two page written decision, the criminal trial judge found Smith guilty of reckless driving

but not guilty of disorderly persons criminal mischief and leaving the scene of an accident.

Subsequent to the issuance of the criminal trial judge's decision, the Commission issued a preliminary notice of disciplinary action asserting nine charges against Smith. Four of the charges asserted conduct unbecoming a public employee, N.J.A.C. 4A:2-2.3(a)(6), and five of the charges were for other sufficient causes, N.J.A.C. 4A:2-2.3(a)(12). The Police Department conducted a disciplinary hearing, which resulted in a final notice of disciplinary action imposing a six-month working-day suspension without pay commencing January 6, 2015.

Smith appealed to the Commission, and the matter was referred to the Office of Administrative Law (OAL). An ALJ conducted two days of hearings. An investigating detective for the Police Department and the Director of Public Safety testified for Irvington. Smith did not present any witnesses.

After completion of the testimony, the ALJ rendered a written decision. Her written decision relied on the factual findings of the trial judge in Smith's criminal proceeding.

The ALJ concluded "almost entirely based upon [the criminal trial judge's] decision, . . . that Irvington has proved by a preponderance of the credible

4                                                                    A-2987-18T2

evidence that Captain Smith drove recklessly, including some minor contact with the vehicle of her former boyfriend." She expressly noted, "there was little evidence adduced that was not derivative of the prior criminal proceedings."

In her written decision, the ALJ relied on the criminal trial judge's decision based on the doctrine of collateral estoppel. Because Smith did not appeal the criminal trial judge's decision, the ALJ concluded she "must accept [the criminal trial judge's determinations] as having been previously adjudicated against [Smith], after she had a full and fair opportunity to be heard."

Relying on the criminal trial judge's written decision, the ALJ concluded there was "credible proof presented that [Smith] recklessly pursued James in her vehicle and that the necessary supporting facts of such were incorporated into his finding of her guilt on the reckless driving charge" thereby supporting charge two of conduct unbecoming a public employee as well as charge three of other sufficient causes. The ALJ suspended Smith for ninety days and awarded her one-half of the attorney's fees requested "as the prevailing party."

Smith filed written exceptions to the ALJ's decision with the Commission. The Commission "accepted and adopted the [f]indings of [f]act" of the ALJ and affirmed her suspension but held the ninety-day suspension was based on

"working" days. In addition, the Commission reversed the ALJ's award of attorney's fees.

On appeal, Smith raises four issues: (1) procedural deficiencies during the disciplinary process require the disciplinary findings be vacated; (2) the findings related to the disciplinary violations must be vacated for lack of competent evidence and a failure to prove by a preponderance of the evidence; (3) the ninety working-day suspension was an error; and (4) counsel fees should have been awarded to Smith as the prevailing party.

An appellate court has "a limited role" in the review of administrative agency decisions. Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980). We may reverse an agency's decision "if it is arbitrary, capricious or unreasonable or . . . not supported by substantial credible evidence in the record as a whole." Id. at 579-80 (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)). In determining if an agency's decision is arbitrary, capricious, or unreasonable, we consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

6

> [In re Carter, 191 N.J. 474, 482-83 (2007) (quoting
> Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

Smith argues the ALJ's fact-findings were deficient because she improperly adopted the factual findings of the criminal trial judge under the doctrine of collateral estoppel.  We agree.

"A court has broad discretion to determine whether application of collateral estoppel is appropriate."  Adelman v. BSI Fin. Servs., Inc., 453 N.J. Super. 31, 39-40 (App. Div. 2018), certif. denied, 236 N.J. 628 (2019) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331 (1979)).

> [F]or the doctrine of collateral estoppel to apply to foreclose the relitigation of an issue, the party asserting the bar must show that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.
>
> [Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 521 (2006) (quoting In re Estate of Dawson, 136 N.J. 1, 20-21 (1994)).]

Application of collateral estoppel is prohibited "if a party has not had a 'full and fair opportunity to litigate an issue.'" State v. McKinney, 223 N.J. 475, 493 (2015) (quoting State v. K.P.S., 221 N.J. 266, 278 (2015)).

Here, Smith correctly argues the doctrine of collateral estoppel was inapplicable. Smith's reckless driving guilty verdict in the criminal matter was not "identical" to a charge of conduct unbecoming a public employee. More importantly, the conduct unbecoming issue was never presented or litigated before the criminal trial judge. Because the doctrine of collateral estoppel was inapplicable, the ALJ was required to set forth her own findings of fact in deciding that Smith's actions constituted a disciplinary violation.

Having reviewed the record, the ALJ's decision was not supported by substantial credible evidence in the record before the OAL. As a result, the Commission's adoption of the ALJ's findings was fatally flawed. Absent independent findings by the ALJ, untethered to the findings by the judge in Smith's criminal trial, the matter must be remanded to the Commission. The Commission shall refer the matter to the OAL for the ALJ to determine whether Smith's reckless driving constituted conduct unbecoming of an officer and other sufficient causes to warrant discipline without reliance upon the criminal trial judge's fact-findings.

A-2987-18T2

Because we vacate and remand the matter to Commission, we need not address Smith's remaining arguments on appeal. Those arguments may be presented at the remand proceeding.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2987-18T2