**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3714-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THOMAS DORSETT,

    Defendant-Appellant.

_____

Submitted April 2, 2025 – Decided May 28, 2025

Before Judges DeAlmeida and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 11-01-0207.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the briefs).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Thomas Dorsett appeals from the June 29, 2023 Law Division order denying his second petition for post-conviction relief (PCR) and motion to withdraw his guilty plea without a hearing. Having reviewed the record and defendant's arguments in light of the applicable law, we affirm.

Following his guilty plea to first-degree murder and first-degree arson for hire, we affirmed defendant's sentence, State v. Dorsett, No. A-3186-13 (App. Div. June 3, 2014) (Dorsett I), and the denial of his first petition for PCR, State v. Dorsett, No. A-4507-18 (App. Div. Aug. 2, 2021) (Dorsett II). We need not review in detail the facts and procedural history addressed at length in Dorsett II, but provide the following recitation to give context to our decision.

In 2010, defendant conspired with his daughter Kathleen Dorsett to kill her ex-husband Stephen Moore, with whom she was engaged in a custody dispute. When Moore arrived at Kathleen's[1] house for a custody exchange, she told him to go behind her garage to retrieve some tools. Defendant waited for Moore and killed him. Defendant and Kathleen put Moore's body in the trunk of his vehicle, which they abandoned in a parking lot. Defendant subsequently conspired with codefendant Anthony Morris to set fire to the vehicle. Defendant

---

[1] Because defendant and two of his codefendants share a last name, we refer to them by their first names. No disrespect is intended.

and Kathleen were charged with and arrested for murder and related offenses, and Morris was charged with and arrested for arson and related offenses.

From jail, Kathleen conspired with her mother Lesley to hire a hitman to kill Moore's mother. Lesley was arrested after she paid the purported hitman, who was an undercover police officer. Kathleen and Lesley were charged with conspiracy to commit murder and other related offenses.

Morris pleaded guilty to conspiracy to commit desecration of human remains, contingent on his truthful testimony against the Dorsetts. The State offered the Dorsetts individual plea offers, each contingent on the guilty pleas of the other two. As a result, defendant pleaded guilty to the murder of Moore and subsequent arson for hire; Kathleen pleaded guilty to the murder of Moore, attempted murder of Moore's mother, and conspiracy; and Lesley pleaded guilty to conspiracy to commit murder of Moore's mother. In exchange, the State agreed to recommend lengthy prison terms for defendant and Kathleen, and a relatively short prison term for Lesley.

Consistent with the plea agreements, defendant was sentenced to an aggregate forty-five-year term of imprisonment with a thirty-year period of parole ineligibility; Kathleen was sentenced to an aggregate fifty-eight-year term of imprisonment with a forty-seven-year period of parole ineligibility; and

Lesley was sentenced to a seven-year term of imprisonment with an eighty-five-percent period of parole ineligibility. Lesley served her maximum sentence and was released from incarceration in 2016.

Following our affirmance of defendant's sentence, he timely filed his first petition for PCR alleging his trial counsel was ineffective for not adequately advising him as to a passion/provocation defense. Based on the alleged incorrect legal advice, defendant also moved to withdraw his guilty plea, arguing manifest injustice because his guilty plea was not knowingly and voluntarily made. We affirmed the trial court's denial of both applications, discerning no abuse of discretion.

While defendant's appeal of his first PCR denial was pending, he filed a second petition.[2] The court dismissed the second petition on November 19, 2019 without prejudice citing Rule 3:22-3, noting appellate review of the first petition was pending, and defendant re-filed his pro se petition on December 10, 2021, followed by a counseled brief.

---

[2]  The record does not indicate when the second petition was filed, other than some time in between the January 28, 2019 denial of his first petition and the November 19, 2019 dismissal without prejudice of the second petition. The initial filing of the second petition was thus timely.

We are constrained to note the court's dismissal of defendant's initial second petition was an error. The Rules provide for dismissal without prejudice of a PCR petition while "a direct appeal . . . is pending," R. 3:22-6A(1), and permit a petitioner to refile within ninety days of appellate finality, even if more than five years after entry of the judgment of conviction. R. 3:22-12(a)(3). However, an appeal from the denial of a first PCR petition is not a "direct appeal" under the Rule.

A second or subsequent petition for PCR must be filed within one year of "the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] relief is being alleged." R. 3:22-12(a)(2)(C). The one-year deadline for second or subsequent petitions is non-relaxable, R. 3:22-12(b), and therefore defendant's re-filing of the second petition was untimely. Nevertheless, because neither the parties nor the court raised the timeliness of defendant's second petition, we will address the orders on appeal.

Following argument on defendant's petition and motion, Judge Michael A. Guadagno issued an order denying both applications, accompanied by a

5

seventeen-page comprehensive written opinion, squarely addressing the issues in light of well-established principles.

Pertinent to the issues on appeal, the judge noted a defendant's second or subsequent PCR must be dismissed unless it "alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first . . . application for [PCR]." R. 3:22-4(b)(2)(C). The judge addressed defendant's claim that his prior PCR counsel failed to "explore, investigate or advance defendant's claims and repeatedly berated [him] for raising additional issues after the initial briefs were submitted but long before oral arguments took place." The judge reviewed the correspondence provided by defendant in support of his petition and found they contained "accurate advice about the timely filing of PCR briefs, excessive adjournments, and the proper subject matters for PCR petitions." He also noted prior PCR counsel "argued forcefully" on defendant's behalf, and advanced arguments defendant requested even though the correspondence revealed counsel believed they were not supported by the evidence. Thus, the judge found defendant's petition failed to establish ineffective assistance of counsel.

Defendant also moved to withdraw his guilty plea, claiming plea counsel "pressured him to adopt a false narrative to protect his wife." The judge found

6

the motion procedurally barred by Rule 3:22-4(b)(2)(C), which limits a second or subsequent petition for PCR to ineffective assistance of counsel on the first or prior petition for PCR.

On appeal, defendant raises the following issues for our consideration:

POINT I

THE PCR COURT IMPROPERLY DENIED DEFENDANT'S CLAIM THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF PCR COUNSEL WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.

A. First PCR Counsel Failed to Provide Effective Assistance of Counsel.

   1. Legal Principles Regarding Claims of Ineffective Assistance of Counsel, Evidentiary Hearings and Petitions for [PCR].

B. First PCR Counsel Violated R. 3:22-6(d) During Her Representation of [Defendant] and Denied him the Effective Assistance of Counsel.

   1. First PCR Counsel Failed to Meaningfully Communicate with [Defendant].

   2. First PCR Counsel Failed to Investigate and Evaluate Defendant's Claims.

   3. First PCR Counsel, by Refusing to File Defendant's Pro Se brief, Failed to List and/or Incorporate by Reference [defendant's] Pro Se Claims.

7

. . . .

C. The PCR Court Failed to Make Findings of Fact and Conclusions of law Regarding Defendant's Pro Se and Counseled Claim that he was Denied the Effective Assistance of Counsel when First PCR Counsel Failed to Investigate, Failed to Obtain the Discovery and Failed to File Defendant's Pro Se Brief.

D. The PCR Court Failed to Make Findings of Fact and Conclusions of law Regarding Defendant's Pro Se Claim that he was Denied the Effective Assistance of PCR Counsel when First PCR Counsel Failed to Identify and Raise the Issue that Defendant must be Allowed to Withdraw his Guilty plea to Murder as the Record Indicates that the Factual Basis was Known to be a lie.

E. The PCR Court Abused its Discretion by Denying Defendant's Request for an Evidentiary Hearing on his PCR Claims of Ineffective Assistance of First PCR Counsel.

POINT II

THE MATTER SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING ON DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

A. The Plea was not Knowingly Entered due to the Mis-advice of Counsel and a Hearing was Needed to Resolve that Issue.

B. The <u>Slater</u>[3] Factors Favored Withdrawal and the Court Erred in Denying the Motion Without an Evidentiary Hearing.

Having considered defendant's reprised contentions in view of the applicable law, we conclude they lack sufficient merit to warrant extended discussion in a written opinion. <u>R.</u> 2:11-3(e)(2). We affirm substantially for the sound explanations articulated by Judge Guadagno in his well-reasoned decision. We add only the following brief remarks.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," <u>State v. Marshall</u>, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting <u>State v. Preciose</u>, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." <u>Ibid.</u> A defendant seeking PCR on ineffective assistance grounds is obliged to demonstrate not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced the right to a fair trial. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987) (adopting the <u>Strickland</u> two-part test in New Jersey) (<u>Strickland/Fritz</u> test).

---

3  <u>State v. Slater</u>, 198 N.J. 145 (2009).

In the present matter, defendant failed to demonstrate a reasonable likelihood that his PCR claim will ultimately succeed on the merits and failed to satisfy either prong of the Strickland/Fritz test. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. Preciose, 129 N.J. at 462.

We also discern no abuse of discretion in Judge Guadagno's denial of defendant's motion to withdraw his guilty plea. Defendant previously moved to withdraw his guilty plea along with his first PCR petition. That motion was denied by the first PCR court, and we affirmed the decision. His second motion to withdraw his guilty plea raised some of the same arguments that were previously rejected by the first PCR court.[4] Under the law of the case doctrine, defendant is precluded from relitigating these arguments. State v. K.P.S., 221 N.J. 266, 276-77 (2015). To the extent defendant's motion raised a new argument regarding Lesley's sentence, the PCR judge found it unsupported by the record and therefore without merit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

---

[4] Although defendant belatedly raised a conflict issue in his reply brief, we nevertheless considered and rejected it. Dorsett II, slip op. at 16, 25.

A-3714-22