**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0833-24

GLEN R. SPONAUGLE,

      Plaintiff-Appellant,

v.

CAROL WALSH, THE
BOROUGH OF AVALON
PLANNING BOARD, and
THE BOROUGH OF AVALON,

      Defendants-Respondents.

_____

Submitted December 3, 2025 – Decided January 20, 2026

Before Judges Currier and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0223-23.

Fox Rothschild LLP, attorneys for appellant (Michael J. Malinsky, Timothy J. Bloh and Jacqueline A. Davis, on the briefs).

Monzo Catanese Delollis, PC, attorneys for respondent Carol Walsh (Lyndsy M. Newcomb and Kathryn A. Monzo, on the brief).

Paul J. Baldini, PA, attorneys for respondents Borough of Avalon Planning Board and Borough of Avalon (Paul J. Baldini, on the brief).

PER CURIAM

Plaintiff Glen R. Sponaugle appeals from a final order denying his action in lieu of prerogative writs. This matter involves a prior action in which plaintiff's neighbor, Carol Walsh, challenged zoning permits issued by the Borough of Avalon for a pool on plaintiff's property, without joining either plaintiff or the prior owner of the property to her litigation. The trial court in the prior litigation entered an order, despite plaintiff's absence, concluding that the utility driveway adjoining plaintiff's property is a street. The classification of the utility driveway as a street rendered the pool in violation of the Avalon Zoning Code, resulting in the Borough issuing a zoning violation requiring plaintiff to remove the pool.

On appeal, plaintiff argues the trial court erred: (1) in its application of the law-of-the-case doctrine to avoid addressing whether the utility driveway is a street on the merits; (2) in failing to apply equitable estoppel based on his reliance on the zoning permits issued by the Borough, and not having been joined as an indispensable party to the prior litigation; and (3) in determining the Borough of Avalon Planning and Zoning Board's (the Board) denial of

2

variance relief for the pool on his property was not arbitrary, capricious, or unreasonable.

We conclude the trial court determination that the law-of-the-case doctrine barred consideration of plaintiff's arguments on the merits was in error, as the doctrine prevents relitigation of an issue in the same case, and the prior litigation was a separate case in which plaintiff or his predecessor in interest were not parties. We therefore reverse and remand for a hearing on whether the utility driveway is a street. Because that determination must be decided before the Board may evaluate relief pursuant to a variance application, we do not address that issue.

I.

On September 3, 2021, JLC Private Investments, LLC (JLC), through its contractor, A&E Pavers Plus LLC, submitted an application to the Borough of Avalon zoning officer for a permit to construct an in-ground pool at its property located in the Borough. The zoning officer issued a zoning permit to JLC on September 9, 2021, and a construction permit on September 20, 2021, authorizing the construction of the pool.

On October 1, 2021, plaintiff entered into an agreement with JLC to purchase the property. On October 8, 2021, Carol Walsh, owner of the

3

neighboring property, filed an appeal with the Board challenging the issuance of the permits. Walsh contended the utility driveway adjacent to JLC's property constituted a street, thereby creating two front yards and placing the pool within one of them, in violation of Chapter 27-7.2 a.1.(a) of the Avalon Zoning Code. As such, variance relief would be needed for the pool to be constructed.

After a hearing on November 2, 2021, the Board upheld the zoning officer's decision and approved the grant of a zoning permit, finding the utility driveway was not a street because, among other things, it "is narrow in nature, provides for only one vehicle at a time on it, has no parking on either side and being at 15 feet wide is considerably smaller than a standard street in the Borough." The Board's decision was memorialized in Resolution No. PZ#21-16 on December 14, 2021.

On December 1, 2021, plaintiff filed a "Notice of Settlement" for his purchase of the property from JLC, which was recorded on December 7, 2021. The Borough issued a "Certificate of Occupancy" to JLC on December 23, 2021, followed by a "Certificate of Approval" for the pool on December 30, 2021. Plaintiff closed on the property on January 4, 2022, and the deed was recorded on January 21, 2022.

A-0833-24

On January 7, 2022, after plaintiff had closed on the property but before the deed was recorded, Walsh filed a complaint in lieu of prerogative writs (the prior litigation) alleging the Board's decision was arbitrary, capricious, and unreasonable. On that same day, JLC was provided with notice of the prior litigation and a copy of the complaint; however, plaintiff did not receive notice. Neither plaintiff nor JLC were named as defendants in Walsh's complaint.

The trial court in the prior litigation issued its final order on November 1, 2022, finding the Board's decision was not supported by substantial evidence, and was arbitrary, capricious, and unreasonable because it failed to make a factual determination as to whether the utility driveway is a street. The court also determined the utility driveway is a street, reasoning:

> [The] definitions [of a street pursuant to both the Municipal Land Use Law (MLUL) and Avalon Municipal Code § 1-2] are unambiguous and inclusive. It is irrelevant whether the street in dispute is called an alley, path, drive, road, utility driveway, lane, etc. The street in dispute is a public way that is maintained by Avalon. It is also of note that the street in dispute is the sole roadway for certain residents to access their homes, a fact that strengthens the reality that the street in dispute is a public necessity and dispels the notion that it is some unused private alley. Further, the street in dispute is located on several plats filed with the county recording officer, prior to the appointment of a planning board. Under the MLUL, it is inconsequential what the name of the street in dispute is on the plat, it matters only that the street in dispute is clearly located

on the plat. This [c]ourt need not address legislative intent, because the language of both statutes is plain and unambiguous.

Accordingly, the trial court reversed the Board's resolution and remanded for further proceedings consistent with the order.

On April 11, 2023, the Board adopted Special Resolution Authorizing Settlement of Litigation PZ#21-16A, which "accept[ed] the court order that determine[d] the proposed pool is in the front yard, requiring variance relief to remain in the front yard." On May 17, 2023, the Borough issued a zoning violation to plaintiff, which required him to remove the pool within thirty days. Plaintiff alleges he was not aware of the prior litigation until he received the zoning violation.

Plaintiff then filed application PZ#23-08 before the Board on June 13, 2023, seeking variance relief pursuant to N.J.S.A. 40:55D-70(c)(1) and (c)(2) to permit the pool in the front yard of the property. After conducting a hearing on November 14, 2023, the Board denied plaintiff's requests for variances. The Board adopted Resolution PZ#23-08 on December 12, 2023, memorializing its findings.

On June 2, 2023, plaintiff filed a complaint in lieu of prerogative writs against Carol Walsh, the Borough of Avalon Board, and the Borough of Avalon.

A-0833-24

On January 1, 2024, following the Board's resolution denying variance relief, plaintiff amended his complaint, which sought:

> (1) to declare the Board's decision to adopt the [April 11, 2023] Special Resolution without conducting a hearing nor allowing Plaintiff to present evidence or testimony[] as arbitrary, capricious, and unreasonable, and in violation of the New Jersey [MLUL], the Borough of Avalon Ordinances, and the laws of the State of New Jersey[;] (2) to order the Board to conduct a hearing and allow[] Plaintiff to present testimony and evidence at the hearing[;] (3) a reversal of the Board's decision denying Plaintiffs' application for variance relief pursuant to N.J.S.A. 40:55D-70(c)(l) and N.J.S.A. 40:55D-70(c)(2); (4) a granting of Plaintiffs' request for variance relief for an already constructed pool in the front yard 1; (5) to declare that the Borough of Avalon is equitably estopped from forcing Plaintiff to remove the Pool; and (6) other such relief as the Court deems equitable and just.

The trial court issued a final judgment on October 7, 2024, denying plaintiff's action on all counts. The court found the Board's denial of plaintiff's variance application was not arbitrary, capricious, or unreasonable. The court also held equitable estoppel did not apply as a matter of law against the Borough defendants or Walsh. As to the issue of whether the utility driveway constitutes a street, the trial court stated: "This [c]ourt has already determined that [the] '[u]tility [d]riveway' is a street under the Borough's ordinances and the MLUL

7

as such, this [c]ourt's ruling in the prior litigation is the law of the case and the issue is not properly before the Court at this time." This appeal followed.

II.

Whether the court "correctly applied the law-of-the-case doctrine is a matter of law, and therefore our standard of review is de novo." State v. K.P.S., 221 N.J. 266, 276 (2015). Pursuant to the law-of-the-case doctrine, "where there is an unreversed decision of a question of law or fact made during the course of litigation, such decision settles that question for all subsequent stages of the suit[.]" Jacoby v. Jacoby, 427 N.J. Super. 109, 117 (App. Div. 2012) (quoting Bahrle v. Exxon Corp., 279 N.J. Super. 5, 21 (App. Div. 1995)). The doctrine is a "non-binding rule intended to 'prevent re[-]litigation of a previously resolved issue.'" Lombardi v. Masso, 207 N.J. 517, 538 (2011) (quoting In re Est. of Stockdale, 196 N.J. 275, 311 (2008)). "A hallmark of the law of the case doctrine is its discretionary nature, calling upon the deciding judge to balance the value of judicial deference" for prior rulings "against those factors that bear on the pursuit of justice and, particularly, the search for truth." Id. at 538-39 (quoting Hart v. City of Jersey City, 308 N.J. Super. 487, 498 (App. Div. 1998)) (internal quotation marks omitted). The doctrine "is essentially an adjective

A-0833-24

concept, and should not be used to justify an incorrect substantive result." Hart, 308 N.J. Super. at 498.

"Underlying the [law-of-the-case doctrine] are principles similar to collateral estoppel . . . ." K.P.S., 221 N.J. at 277 (quoting State v. Reldan, 100 N.J. 187, 209 (1985)) (O'Hern, J., dissenting). "Both collateral estoppel and law of the case are guided by the 'fundamental legal principle . . . that once an issue has been fully and fairly litigated, it ordinarily is not subject to relitigation between the same parties either in the same or in subsequent litigation.'" Ibid. (quoting Morris Cnty. Fair Hous. Council v. Boonton Twp., 209 N.J. Super. 393, 444 n.16 (Law Div. 1985)). "However, whereas collateral estoppel may bar a party from relitigating an issue decided against it in a later and different case, law of the case may bar a party from relitigating the same issue during the pendency of the same case before a court of equal jurisdiction." Ibid. (emphasis added) (citations omitted).

The trial court's application of the law-of-the-case doctrine was erroneous because the doctrine prevents relitigation of an issue in the same case, and the prior litigation was a separate case to which plaintiff and his predecessor in interest were not parties. See Slowinski v. Valley Nat. Bank, 264 N.J. Super. 172, 180-81 (App. Div. 1993) (holding that a prior case, even if it arises from

9

the same facts, does not constitute the "same suit" pursuant to the law-of-the-case doctrine, particularly when a party to the later action was not a party to the prior one); see also K.P.S., 221 N.J. at 277-78.

Moreover, the ruling the trial court relied upon is not sound because plaintiff and its predecessor in interest were indispensable parties to the prior litigation which Walsh failed to join, and plaintiff was denied the opportunity to protect his property interests.  Rule 4:28-1 provides:

> A person who is subject to service of process shall be joined as a party to the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest in the subject of the action and is so situated that the disposition of the action in the person's absence may either (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or other inconsistent obligations by reason of the claimed interest.

"Whether a party is indispensable is fact sensitive."  Int'l Brotherhood of Elec. Workers Local 400 v. Borough of Tinton Falls, 468 N.J. Super. 214, 225 (App. Div. 2021).  "[A] party is not truly indispensable unless he has an interest inevitably involved in the subject matter before the court and a judgment cannot justly be made between the litigants without either adjudging or necessarily affecting the absentee's interests."  Ibid. (quoting Toll Bros., Inc. v. Twp. of W.

Windsor, 334 N.J. Super. 77, 90-91 (App. Div. 2000)). "The right of an interested party . . . to have [his] concerns 'heard'[] is rooted in principles of property rights, specifically the right to not be deprived of an interest in one's property without process. Thus, 'any person, whether residing within or without the municipality, whose right to use, acquire, or enjoy property is or may be affected by any action taken under [the MLUL]' is an 'interested party.'" Harz v. Borough of Spring Lake, 234 N.J. 317, 333 (2018) (quoting N.J.S.A. 40:55D-4); see also N.J. Const. art. I, ¶ 1 (guaranteeing right to acquire, possess, and protect property).

Plaintiff was an interested party in the prior litigation because the outcome directly affected his property rights as the property owner. To the extent he had not yet closed on the property, JLC was the indispensable property owner. Accordingly, the law-of-the-case doctrine cannot be invoked to avoid resolving the issue on the merits without the property owner being heard. See K.P.S., 221 N.J. at 277-78 ("Like collateral estoppel, law of the case does not bar one party from having his day in court merely because another party has received an adverse ruling, even if the issue is the same and arises from a common record.").

The law-of-the-case doctrine is often confused with collateral estoppel. For collateral estoppel to preclude litigation,

11

the party asserting the bar must show that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

[Winters v. N. Hudson Reg'l Fire and Rescue, 212 N.J. 67, 85 (2012) (quoting Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 521 (2006)).]

"[B]ecause [collateral estoppel] is an equitable doctrine, even if all five elements coalesce, it 'will not be applied when it is unfair to do so.'" Allen v. V & A Bros., Inc., 208 N.J. 114, 138 (2011) (quoting Olivieri, 186 N.J. at 521-22).

The fifth requirement for collateral estoppel is not met here because plaintiff was not a party to the prior litigation, nor was he in privity with the Borough defendants or Walsh. See K.P.S., 221 N.J. at 277 ("A fundamental tenet of collateral estoppel is that the doctrine cannot be used against a party unless that party either participated in or was 'in privity with a party to the earlier proceeding.'") (quoting In re Est. of Dawson, 136 N.J. 1, 20 (1994)). And although plaintiff was in privity with JLC, Walsh failed to name JLC as a party to the prior litigation. Therefore, collateral estoppel cannot be invoked to bar plaintiff the opportunity to protect his property rights.

Because the issues of equitable estoppel and the denial of plaintiff's variance application hinge on whether the utility driveway is a street, and that issue is remanded for proceedings in which plaintiff is able to participate, we decline to address those issues. See N.J. Civ. Serv. Ass'n v. State, 88 N.J. 605, 612 (1982) (explaining courts should refrain from interfering with an administrative decision until "its effects [are] felt in a concrete way by the challenging parties"); see also Garden State Equal. v. Dow, 434 N.J. Super. 163, 188 (Law Div. 2013).

Reversed and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0833-24