**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1341-24

ANTHONY CAPPELLO,

    Plaintiff-Appellant,

v.

CICCHETTI, LLC, d/b/a IL
PANINO ITALIAN DELI and
CATERING RESTAURANT, also
d/b/a MY WAY DELI,

    Defendant/Third-Party
    Plaintiff-Respondent,

v.

RESTAURANT DEPOT and
D'ARRIGO BROS.,

    Third-Party Defendants-
    Respondents.

_____

Argued January 14, 2026 – Decided March 17, 2026

Before Judges Mayer, Paganelli and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6631-22.

Amanda E. Quinlan (McLane Middleton, PA) of the New Hampshire bar, admitted pro hac vice, argued the cause for appellant (Law Offices of Robert A. Jones and Amanda E. Quinlan, attorneys; Robert A. Jones and Amanda E. Quinlan, on the briefs).

Robert T. Gunning argued the cause for respondent Cicchetti, LLC d/b/a Il Panino Italian Deli and Catering Restaurant, also d/b/a My Way Deli (Morrison Mahoney, LLP, attorneys; Robert T. Gunning, of counsel and on the brief).

Colin Hackett argued the cause for respondent Restaurant Depot (Lewis Brisbois Bisgaard & Smith, LLP, attorneys; Afsha Noran and Kirandeep Kaur, of counsel and on the brief).

Tracy L. Burnley argued the cause for respondent D'Arrigo Bros. (Marshall Dennehey, PC, attorneys; Kevin M. McKeon and Tracy L. Burnley, on the brief).

PER CURIAM

Plaintiff Anthony Cappello appeals from a December 16, 2024 trial court order granting defendant Cicchetti, LLC d/b/a Il Panino Italian Deli and Catering Restaurant, also d/b/a My Way Deli (Cicchetti) summary judgment and dismissing his complaint. We affirm.

I.

On November 7, 2022, plaintiff filed a complaint in the Superior Court of New Jersey. He alleged that on November 9, 2018, he "ordered a takeout Mediterranean salad with romaine lettuce from" Cicchetti and consumed the

2

A-1341-24

salad. Plaintiff further claimed "[t]he salad that [he] consumed . . . was contaminated with E. coli." (Italicization omitted). He contended Cicchetti "made express representations to [him] that its salads were fit for human consumption, that it made the 'best' salads in town, and that all of its salads were made with the finest homemade ingredients." Plaintiff alleged that he "relied on those express representations" and "those statements were untrue." Further, he asserted that in the days after consuming the salad, he became ill, required hospitalization—where he tested positive for E. coli—and underwent surgery. In addition, plaintiff stated he underwent surgeries in June and September 2020. Plaintiff alleged he "continue[d] to slowly recover from his injuries" and he has sustained the "permanent loss of his colon and life-altering changes to his lifestyle and quality of life."

Plaintiff alleged Cicchetti was "liable to [him] for breaching express and implied warranties that they made regarding the adulterated product that [he] purchased." He contended the "express and implied warranties include the implied warranties of merchantability and/or fitness for a particular use." Plaintiff argued that "[a]s a direct and proximate cause of [Cicchetti's] breach of warranties" he "sustained injuries and damages."

3

In December 2022, in lieu of filing an answer, Cicchetti moved to dismiss the complaint under Rule 4:6-2(e). Cicchetti argued plaintiff failed to state a claim upon which relief could be granted under Rule 4:6-2(e), because plaintiff's complaint was untimely under N.J.S.A. 2A:14-2(a).

The judge heard the parties' arguments on February 15, 2023, and adjourned disposition of the matter to allow counsel to address a late submission from plaintiff. The matter resumed before the court on February 23, 2023. The judge recited the correct Rule 4:6-2(e) standards and governing case law.

The judge who decided the February 2023 motion found the complaint was filed "outside of a two-year statute of limitations but within four years of [the] . . . alleged injury." The judge stated, "on a [Rule] 4:6-2(e) analysis, the plain four corners of the complaint says it's an express warranty." Therefore, "it doesn't seem that the complaint on its face would be dismissible [under Rule] 4:6-2(e) on a statute of limitations ground[] because it . . . states . . . express warranty, which is a four-year statute of limitations and the complaint was brought within four years . . . of the injury."

In addition, the judge stated "as to whether or not particular types of injuries sustained or alleged to have been sustained . . . are dismissible due to the . . . in[n]er[]workings of the personal injury statute of limitations, Product

4

Liability Act [(PLA)], the [Uniform Commercial Code (UCC)] express warranty, [and] the types of damages compensable under an express warranty breach, the [c]ourt does not see that it would be appropriate to[,] at the [Rule] 4:6-2(e) stage[,] make that determination."

Finally, the judge stated "[w]hether at some point . . . other motions are brought that curtail or restrict the types of damages that may be asserted will probably have to be made on a more complete motion record but . . . not on the [Rule] 4:6-2(e) motion." The judge denied the motion on Rule 4:6-2(e) grounds but stated "all arguments are reserved."

Thereafter, Cicchetti moved for summary judgment. Third-party defendants Restaurant Depot and D'Arrigo Bros. joined Cicchetti's motion. A different judge heard the parties' arguments on that motion. On December 16, 2024, the judge issued an eleven-page written decision accompanying its order granting summary judgment. The judge recited the correct standard for consideration of a motion for summary judgment. The judge concluded that because the prior judge "made his determination under the motion to dismiss standard, [he] c[ould ]not give preclusive effect to that ruling under the theories of res judicata and/or collateral estoppel." As to the merits of the motion, the judge stated the "central issue here is whether this matter is properly . . . a breach

A-1341-24

of warranty or a claim for personal injury for purposes of the statute of limitations." The judge explained "the applicable statute of limitations is governed by the gravamen of the injury rather than the strict wording of the pleading," (citing Heavner v. Uniroyal, 63 N.J. 130, 156 (1973), abrogated on other grounds, McCarrell v. Hoffman-La Roche, Inc., 227 N.J. 569 (2017)). The court concluded it could not "find a basis to apply N.J.S.A. 12A:2-725 [a four-year statute of limitations] to this matter and, instead, it must be governed by the general [N.J.S.A. 2A:14-2] two-year statute of limitations." Thus, applying the two-year statute of limitations, the judge granted summary judgment because plaintiff filed his complaint "three years after the date of the underlying event."

On appeal, plaintiff argues the judge deciding the motion for summary judgment applied the wrong statute of limitations. He also argues the law of the case doctrine barred the judge from granting Cicchetti's summary judgment motion, based on the statute of limitations, because the first judge denied Cicchetti's motion to dismiss on the same grounds. We consider plaintiff's statute of limitations argument under section II of this decision and his law of the case doctrine argument under section III.

## II.

Plaintiff argues his claim for breach of express warranty is governed by a four-year statute of limitations and not, as the judge concluded, N.J.S.A. 2A:14-2. He contends the PLA "expressly excludes 'actions for harm caused by breach of an express warranty,'" (emphasis omitted) (citing N.J.S.A. 2A:58C-1(b)(3)). Thus, he contends he cannot maintain his breach of warranty claim under the PLA, and therefore his claims are governed by the UCC. Plaintiff asserts the judge erred in relying on the Supreme Court's opinion in Heavner, which predated the PLA, because the Court's "inconsistent reasoning," which "blatantly contradict[ed] the language of the UCC" was invalidated by the PLA. Instead, plaintiff argues the PLA's exclusion of claims for breach of express warranty means those claims "are in fact governed by the UCC's statute of limitations because they are not governed by the PLA."

"Whether a cause of action is barred by a statute of limitations is a question of law," which we review de novo. Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016). We accord "'no deference to [the] trial judge's legal interpretations' in dismissing plaintiffs' complaint as time-barred." Save Camden Pub. Schs. v. Camden City Bd. of Educ., 454 N.J. Super. 478, 487-88

(App. Div. 2018) (alteration in original) (quoting Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 600 (App. Div. 2014)).

Summary judgment must be granted when "there is no genuine issue as to any material fact challenged and . . . the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

"It is well settled that '[a]ctions for personal injuries must be commenced within two years after the cause of action accrues.'" Barron v. Gersten, 472 N.J. Super. 572, 577 (App. Div. 2022) (alteration in original) (quoting Smith v. Datla, 451 N.J. Super. 82, 93 (App. Div. 2017)). N.J.S.A. 2A:14-2(a) provides that, "[e]xcept as otherwise provided by law, every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued[.]" (Emphasis added).

Under the UCC, N.J.S.A. 12A:2-715(2)(b), "[c]onsequential damages resulting from the seller's breach include . . . injury to person or property proximately resulting from any breach of warranty." Further, N.J.S.A. 12A:2-725(1) provides, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."

Therefore, there is an apparent tension between personal injury claims under the general two-year statute of limitations, N.J.S.A. 2A:14-2(a); and consequential damages claims from the seller's breach which includes injury to a person, under the four-year UCC statute of limitations, N.J.S.A. 12A:2-725.

Fifty-three years ago, the New Jersey Supreme Court considered "whether, in any product liability case in this state . . . the appropriate period is governed by our general statutes of limitations or is four years after the tender of delivery of the defective product as provided in . . . N.J.S.A. 12A:2-725." Heavner, 63 N.J. at 132. The Court held "it is obvious, [that N.J.S.A. 12A:2-725] . . . by its very language – '[a]n action for breach of any contract for sale' – . . . cannot apply to a consumer-user action . . . for consequential personal injury and property damage." Id. at 155 (alteration in original).

The Court concluded "[w]hen the gravamen is a defect in the article and consequential personal injury and property damages are sought, they will be taken for what they actually are, no matter how expressed. (This applies no matter against whom the action is brought.)." Id. at 156. The Court therefore held "that N.J.S.A. 12A:2-725 does not apply to strict liability in tort actions for

consequential personal injury and property damage" id. at 157, and instead, "such actions are governed . . . by our general statutes of limitation." Ibid.

Applying the long-standing precedent established in Heavner, we conclude the governing statute of limitations period was two-years as provided under N.J.S.A. 2A:14-2(a). The Legislature's subsequent adoption of the PLA, which excepts express warranty claims, does not alter a plaintiff's obligation to file a complaint within two years of when their personal injury cause of action accrued. Here, the gravamen of plaintiff's breach of express warranty claims asserted a cause of action for personal injury. Therefore, because plaintiff filed his complaint nearly four years after his injury, his claim was time barred and summary judgment was properly granted to Cicchetti.

## III.

Plaintiff contends "[u]nder the doctrine of the law of the case, courts are prevented from 'reconsider[ing] legal issues already decided in earlier stages of a case,'" (second alteration in original) except "when the earlier decision was 'clearly erroneous,'" (quoting Bedrosian v. U.S. Dep't Treasury Internal Revenue Serv., 42 F.4th 174, 181 (3d Cir. 2022)). He argues "[t]he doctrine stands for the principle that, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case,'"

(quoting In re Celgene Corp., Inc. Sec. Litig., 747 F. Supp. 3d 748, 761 (D.N.J. 2024)).

We consider questions concerning the application of the law of the case doctrine de novo. See State v. K.P.S., 221 N.J. 266, 276 (2015) ("Whether the appellate panel in defendant's case correctly applied the law[]of[]the[]case doctrine is a matter of law, and therefore our standard of review is de novo."). "The law[]of[]the[]case doctrine is a non-binding rule intended to prevent re[-]litigation of a previously resolved issue in the same case." State v. Njango, 247 N.J. 533, 544 (2021) (quoting K.P.S., 221 N.J. at 276). Like collateral estoppel, the doctrine is "guided by the 'fundamental legal principle . . . that once an issue has been fully and fairly litigated, it ordinarily is not subject to re[-]litigation between the same parties either in the same or in subsequent litigation.'" K.P.S., 221 N.J. at 277 (omission in original) (quoting Morris Cnty. Fair Hous. Council v. Boonton Twp., 209 N.J. Super. 393, 444 n.16 (Law Div. 1985)).

The law of the case doctrine "is a discretionary rule that calls on one court 'to balance the value of judicial deference for the rulings of a coordinate [court] against those factors that bear on the pursuit of justice and, particularly, the search for truth.'" Id. at 276 (alteration in original) (quoting Lombardi v. Masso,

207 N.J. 517, 538-39 (2011)) (internal quotation marks omitted). "[T]he law of the case doctrine 'is only triggered when one court is faced with a ruling on the merits by a different and co-equal court on an identical issue.'" Lawson v. Dewar, 468 N.J. Super. 128, 135 (App. Div. 2021) (emphasis omitted) (quoting Lombardi, 207 N.J. at 539). "[T]he law of the case doctrine does not obligate a court to 'slavishly follow an erroneous or uncertain interlocutory ruling.' Interlocutory rulings are 'not considered 'law of the case . . . .'" Ibid. (quoting Lombardi, 207 N.J. at 539). Indeed, "a 'trial court has the inherent power, to be exercised in its sound discretion, to review, revise, reconsider and modify its interlocutory orders at any time prior to the entry of final judgment.'" Twp. of Piscataway v. S. Washington Ave., LLC, 400 N.J. Super. 358, 376 (App. Div. 2008) (quoting Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 257 (App. Div. 1987)). "Our courts treat the denial of a motion to dismiss as interlocutory." Tully v. Mirz, 457 N.J. Super. 114, 128 (App. Div. 2018).

We are satisfied that the second judge did not abuse his discretion in rejecting plaintiff's law of the case doctrine argument regarding the prior judge's denial of defendant's motion to dismiss. In addition, the prior judge specifically stated he was not precluding further motions and the arguments were "reserved."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-1341-24